The court made the findings of fact embodied in the following judgment:
1. That the beginning point in the land of the plaintiff is at a hickory, red oak and white oak pointers, in the line of J. C. Mosser Co., and running thence north 27 east 441 feet to a stake, center of road, Parson's line, Spanish oak and black-jack pointers; thence south 28 1/2 degrees east with road and Parson's line 300 feet to stake in road; thence south 53 east with road and Parson's line 450 feet to stake in road; thence south 59 east with road and Parson's line 825 feet to rock, beginning corner of Parson's tract, and the corner of J. C. Mosser (230) Co.
That the last call in the land described above as set out in the deed is thence north 71 1/2 west with line of J. C. Mosser Co., 1,246 feet to the beginning, containing 5 acres, more or less.
2. That there is sufficient evidence to fix the last line in the deed to the plaintiff, other than north 71 1/2 west with line of J. C. Mosser Co.
3. That the evidence of P. E. Barber as to the following question and answer is competent: "What is the true direction from that rock corner to the fore and aft tree?" Answer: "North 73 degrees and 47 minutes west."
The defendant in apt time objected to the competency of the foregoing question and answer. The objection overruled, and the defendant excepts.
4. That the true boundary line between the plaintiff and defendant is a straight line running from the rock referred to as the northeast corner of the defendant's land and the southeast corner of the plaintiff's land to the beginning, referred to in the first finding of fact as the hickory, red oak and white oak pointers, on the line of J. C. Mosser Co.
5. That the true course of said line is north 73 degrees and 47 minutes west.
6. That the evidence of the reputation of the location of the J. C. Mosser Co. line and the Dempsey Pittman line is competent, and the defendant objects in apt time. Objection overruled, and defendant excepts.
The court adopts the conclusions of law of J. A. Spence, referee, and affirms the same as the judgment of this court. To the foregoing findings of fact and conclusions of law the defendant in apt time excepts.
From the foregoing findings of fact and conclusions of law it is, therefore, ordered, adjudged, and decreed that the plaintiff is the owner of the land described in the complaint hereinbefore set out, as described therein, except as to the last line, and that the last line in said *Page 214 
description runs as the true line from the rock at the northeast corner of defendant's land and the southeast corner of the plaintiff's land, north 73 degrees and 47 minutes west to the hickory, red oak and white (231) oak pointers, in the line of J. C. Mosser Co., referred to in the deed to the plaintiff as the beginning corner. W. F. HARDING, Judge Presiding.
The defendant excepted and appealed.
We think that there is abundant evidence in this case identifying the Mosser line, referred to in the plaintiff's deeds, with the Dempsey Pittman line, referred to in the defendant's deeds. The evidence also sustains the finding of fact that the true location and direction of that line is 73 degrees 47 minutes west.
The line in the plaintiff's deed, which adjoins the defendant's land, is the last call, viz.: "A rock, beginning corner of Parsons' tract and corner of J. C. Mosser Co.; thence north 71 1/2 west with the line of J. C. Mosser Co. 1,246 feet to the beginning."
The corresponding call and line in the defendant's deed reads as follows: "From Dempsey Pittman corner, pine stump, three pine pointers, thence with his line north 76 west 77 poles to a stake in his own line he purchased of L. Simmons."
Under the evidence, therefore, we think his Honor was correct in holding that the true location of the dividing line is with the Mosser or Dempsey Pittman line, and that the course must be slightly varied so as to run that line.
The judgment of the Superior Court is
Affirmed.